## Helms v. D'Eletto (No. 2)

*Mary K. Pruss,* for plaintiff.
*Ewing B. Pollock,* for defendant.

TOOTHMAN, *P.J.,* August 26, 1983—On May 16, 1983, the court entered a decree nisi ordering defendant to remove the dogs from his property, finding that they created a private nuisance as to plaintiff, whose property his adjoins. Defendant filed exceptions to the decree, which, in general, deal with findings of fact which were or were not made by the court in this adjudication. The matter was set for argument, and submitted to the court on briefs.

We will not address each of the exceptions individually, determining that after a careful review of them and that done in the light of our findings of fact and law earlier made, there is not sufficient reason to justify such a detailed review. Both counsel in their briefs cite with approval the case of York v. Wertz et al. 2 D.&C. 2d. 759 (1955), which this court considered as helpful in its adjudication of this issue. In that case the court stated the test to be "whether or not it is of such a character as would annoy a person of ordinary sensibility" and defendants argument and one of the exceptions is that plaintiff as well as her children are overly sensitive, and therefore are more easily annoyed and more quickly offended. And to add strength to this argument, it is pointed out to the court that none of the neighbors in the immediate area of the two homes are disturbed, and in fact, two of them testified that the dogs never bothered them. In this regard, both at the time of the original hearing, and more recently at a contempt hearing, we noted that we couldn't tell objectively whether the dogs were the problem or Mrs. Helms nerves. Even so, from the whole of the evidence we found, and still are persuaded that

even though Mrs. Helms herself is overly sensitive, the situation, nevertheless is such that it would seriously annoy and disturb a person of "ordinary sensibilities" when we consider the closeness of the kennel to plaintiff's home, the combination of noises and odors arising therefrom, and the indifference of defendants to any remedial or corrective action other than to move the kennel to another location on his lot.

Next, it is charged that the court erred in finding that the dogs and dog kennels located in an unzoned, residential setting constituted a nuisance per se. This charge of error is unfounded at any place in our original adjudication. We did not determine this to be a nuisance per se. What the court did make as a finding of law was "The defendant's maintenance of a dog kennel in close proximity of the plaintiffs residence is an unreasonable invasion of the personal and property rights of the plaintiff and requires injunctive relief, it being a private nuisance." In the Restatement (Second) of Torts, §821D we find this definition:

"Private Nuisance—A private nuisance is a nontrespassory invasion of another's in the private use and enjoy ment of the land."

And in the comment under this section, we find this explanation:

". . . It is obvious from the history of the action for private nuisance that the interests originally protected were interests in the use and enjoyment of the land, . . . . These interests continue to be the interests that are protected by actions for private nuisance. Where there is an invasion of these interests, the plaintiff may recover not only for the harm arising from the acts that affect the land itself and the comfortable enjoyment of it, but also for harm to members of his family and to his chattels."

This definition and explanation are applicable on these facts. It is not a nuisance per se, nor a public nuisance, but a private nuisance. It is ascertained as that not because of the subject matter of the controversy, but because defendant's use of his land is such that it intrudes upon and adversely affects his neighbor's use of her residence. And the boundary between the D'Eletto's full use and enjoyment of their property is that that use and enjoyment not restrict nor hamper his neighbor from having the same opportunity, which under these facts she does not have.

## FINAL DECREE

And now, this August 26, 1983, the decree nisi is hereby made final, and all exceptions are dismissed.